899 F.2d 1221
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rita CRUM, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-5456.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1990.
 
 Before KENNEDY and RYAN, Circuit Judges; and ANN ALDRICH, District Judge*.
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff Rita Crum appeals from the district court's affirmance of the Secretary's denial of Boyd Crum's claim for disability benefits and supplemental security income under the Social Security Act.[1]
 
 
 2
 Boyd Crum was born on January 1, 1932. He had a fifth grade education and could read and write. Crum worked as a carpenter and was self-employed in the construction business from 1968 until 1984.
 
 
 3
 On July 23, 1986, Crum filed an application for disability benefits, and supplemental security income, claiming he became disabled on June 30, 1985 due to chronic obstructive pulmonary disease (COPD), arthritis and high blood pressure. His applications were denied initially, upon reconsideration, and after a hearing by an ALJ.
 
 
 4
 The ALJ, following the sequential evaluation process required under 20 C.F.R. Sec. 404.1520; 20 C.F.R. Sec. 416.920, determined that Crum could not perform his past relevant work but had the residual functional capacity to perform a full range of medium work, and that under the medical-vocational guidelines, Pt. 404, Subpt. P, App. 2, Table No. 3, Rule 203.12,[2] he was not disabled. The ALJ reasoned that claimant's arthritis and COPD did not impose any significant restrictions on claimant's ability to work and rejected claimant's exertional restrictions claims as not supported by objective medical evidence.
 
 
 5
 The Appeals Council granted claimant's request for review. On review, the Appeals Council adopted the ALJ's decision with the modification that claimant could not work in an environment containing an excessive amount of dust or other irritants. However, the Appeals Council reasoned that "the environmental restriction would have a minimal impact on the number of [medium level] jobs that the claimant can perform since most jobs do not involve exposure to excessive amounts of dust and other irritants." Accordingly, the Appeals Council used Rule 203.12 of the medical-vocational guidelines as a framework to find claimant was not disabled.
 
 
 6
 Claimant then brought this action for judicial review. On cross motions for summary judgment, the district court granted summary judgment to the Secretary. This appeal followed.
 
 
 7
 This court reviews the Secretary's denial of social security benefits under a substantial evidence standard. 42 U.S.C. Secs. 405(g), 1383(c)(3). After careful review of the record, we conclude that substantial evidence supports the Secretary's conclusion that claimant retained the residual functional capacity to perform medium level work.
 
 
 8
 We AFFIRM.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Boyd Crum died on May 7, 1989. On July 21, 1989, this court granted a motion substituting Rita Crum, Boyd Crum's daughter, for Boyd Crum as plaintiff-appellant
 
 
 [2]
 Rule 203.12 requires a finding of not disabled if the claimant can perform medium level work, is of advanced age, semiskilled, with limited education